UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-cv-00074-GNS-LLK

CARLOS ELLIS                                                                                              PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                           DEFENDANT

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for disability benefits. Plaintiff's memorandum in support of fact/law summary is at Doc. 18-1, and the Commissioner's fact/law summary in opposition is at Doc. 22. The Court referred the matter to the undersigned Magistrate Judge "for consideration and the preparation of a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B)." [Doc. 13].

Plaintiff makes two arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On March 8, 2017, Plaintiff filed his disability claim, alleging that he became disabled on December 26, 2016. [Administrative Record, Doc. 12-2 at 20, 31].

On September 15, 2020, the ALJ issued a partially favorable decision, finding that Plaintiff was not disabled from December 26, 2016, through September 8, 2020, but became disabled on September 9, 2020, his fifty-fifth birthday, based on direct application of Rule 202.06 of Appendix 2 of the regulations. *Id.* at 31.

Plaintiff challenges the ALJ's finding of lack of disability during the closed period from December 26, 2016, through September 8, 2020.

1

In support of denial of Plaintiff's claim during the closed period, the ALJ followed the 5-step sequential evaluation process, which applies in all Social Security disability cases. First, the ALJ found that Plaintiff did not engage in substantial gainful activity. *Id.* at 20. Second, the ALJ found that Plaintiff suffered from the following severe, or vocationally significant, impairments: cervical degenerative disc disease, left shoulder degenerative joint disease, tinea pedis, diabetes mellitus, depression, anxiety, and post-traumatic stress disorder. *Id.* Third, the ALJ found that Plaintiff's impairments did not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding his physical impairments, Plaintiff could:

> … perform [a limited range of] light work as defined in 20 CFR 404.1567(b) except that he could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl … could never climb ladders, ropes, and scaffolds … could frequently handle, finger, and feel with the left upper extremity … could occasionally reach overhead with the left upper extremity … must avoid concentrated exposure to extreme cold, extreme heat, and vibration … must avoid even moderate exposure to dangerous machinery and unprotected heights … requires a cane for ambulation.

[Doc. 10 at 22]. The ALJ found that, notwithstanding his mental impairments, Plaintiff could "perform simple, routine tasks with simple work-related decisions and few, if any, workplace changes … could have frequent contact with the public." *Id.*

Fourth, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 29. Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, light jobs in the national economy such as price marker, routing clerk, and office helper. *Id.* at 30.

### Standard of review

In conducting judicial review pursuant to 42 U.S.C. § 405(g), the Court must affirm the Commissioner's final decision if the decision is supported by substantial evidence. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993) (quoting *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).

It is "more than a scintilla of evidence but less than a preponderance...." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted). In reviewing a case for substantial evidence, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

### Plaintiff's first argument is unpersuasive.

Plaintiff's first argument is that: "The ALJ's RFC [residual functional capacity] determination was unsupported by substantial evidence as he failed to properly weigh Ms. Reinke's opinion in accordance with the Regulations." [Doc. 18-1 at PageID.1397].

In October 2017, at his request, Plaintiff's treating advanced practice registered nurse (APRN), Elizabeth Ashely Reinke, completed the Assistive Device Medical Source Statement form. [Doc. 12-7 at 585]. The APRN indicated that she had prescribed a cane, and she answered the following questions as follows:

> Is the assistive device necessary for all surfaces? Yes.
>
> **Does the patient require the assistive device in order to maintain balance? Yes.**
>
> Does the patient require the use of an assistive device in order to complete their activities of daily living? Ex: taking a shower, bathing, household chores, cooking. Yes.
>
> Does the claimant require an assistive device to go down stairs? No.
>
> While engaging in occasional standing/walking, should the patient use a cane or other hand-held assistive device? Yes.
>
> Can the claimant carry anything while using the assistive device? Yes.
>
> Does your patient have a disability parking permit? Yes.

*Id.* (emphasis added).

Plaintiff's argument focuses on the APRN's opinion that he requires a cane to maintain balance, noting that the vocational expert (VE) testified[1] that, if he needs the cane for balance (not just for ambulation), light work would be precluded. [Testimony, Doc. 12-2 at 89].

The ALJ identified six reasons for giving "little weight" to the APRN's opinion that Plaintiff needs a cane to maintain balance: 1) An APRN is a "non-acceptable medical source"; 2) The evidence shows "often normal motor strength, sensation, and gait"; 3) The cane was prescribed "for improved gait based upon his subjective complaints of foot pain"; 4) To the extent the cane was prescribed due to foot rashes and blisters affecting Plaintiff's abilities to stand and walk, those conditions "improved with antifungal cream"; 5) There is "no evidence of lower extremity neuropathy"; and 6) There is "no other impairment that would affect his balance." [Doc. 12-2 at 26-28].

Because Plaintiff filed his disability claim on March 8, 2017, the old rules for weighing medical opinions at 20 C.F.R. § 404.1527 apply. *See* 20 C.F.R. § 404.1520c ("For claims filed before March 27, 2017, the rules in § 404.1527 apply.").

Plaintiff's argument is unpersuasive for three reasons.

First, at the time of the ALJ's decision, APRNs were not deemed to be acceptable medical sources.[2] Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2.[3] "[O]nly 'acceptable medical sources' can

---

[1] In an unrelated case, a VE explained that cane use for balance "would hamper the performance of most light jobs because ... the essential functions of those jobs are ... bimanual in nature," but that the sedentary jobs "would not be hampered ... because the essential functions are performed in a seated position." *Davis. v. Comm'r*, No. 1:20CV640, 2022 WL 172870, at *5 (M.D.N.C. Jan. 19, 2022); *see also Borroto v. Comm'r*, No. 2:17-CV-673-FTM-99CM, 2019 WL 488327, at *5 (M.D. Fla. Jan. 8, 2019) (Cane use for balance renders most light jobs "not ... performable when standing because bimanual dexterity would be required.").

[2] APRNs are deemed to be acceptable medical sources for claims filed on and after March 27, 2017. *See* 20 C.F.R. § 404.1502(a)(7) ("Acceptable medical source means a medical source who is a[n] ... [APRN] ... for impairments within his or her licensed scope of practice ... only with respect to claims filed ... on or after March 27, 2017.").

[3] While the Commissioner rescinded SSR 06-03p on April 6, 2017, "SSR 06-03p will continue to apply to claims filed before March 27, 2017." *Fowler v. Comm'r*, No. 3:20-CV-00258-RSE, 2021 WL 3621708, at *3 (W.D. Ky. Aug. 16, 2021).

be considered treating sources ... whose medical opinions may be entitled to controlling weight." *Id.* (citing 20 C.F.R. § 404.1527(c)(2)).

Second, even if the Court were to treat the APRN in this case as an acceptable medical (treating) source, the Assistive Device Medical Source Statement form completed by the treating APRN did not ask and the APRN did not indicate the objective medical basis, if any, supporting her opinion that Plaintiff needs a cane to maintain balance. Caselaw has long permitted an ALJ to summarily reject the type of unexplained yes-no answers the APRN provided in this case. "Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating [source's] check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016).

Third, an ALJ weighs opinions from APRNs based on the following factors:

• How long the source has known and how frequently the source has seen the individual;

• How consistent the opinion is with other evidence;

• The degree to which the source presents relevant evidence to support an opinion;

• How well the source explains the opinion;

• Whether the source has a specialty or area of expertise related to the individual's impairment(s);

• Any other factors that tend to support or refute the opinion.

SSR 06-03p, 2006 WL 2329939, at *2. Plaintiff has not alleged or shown that the ALJ in this case abused his discretion in weighing these factors or that a proper consideration of the factors required the ALJ to give more than a little weight to the APRN's opinion that Plaintiff needs a cane for balance.[4]

---

[4] Admittedly, substantial evidence would have supported a plaintiff-favorable weighing of these factors. However, the "substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009). In other words, if substantial evidence supports the ALJ's finding, a reviewing court must defer to it "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

**Plaintiff's second argument is unpersuasive.**

Plaintiff's second argument is that: "The ALJ's RFC is not supported by substantial evidence where it contains internal consistencies as to Plaintiff's ability to lift and carry despite his requirement to use a cane to ambulate." [Doc. 18-1 at PageID.1404]. The alleged "internal consistent" is that, on one hand, the ALJ found that Plaintiff could "perform [a limited range of] light work as defined in 20 CFR 404.1567(b)" (i.e., work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds") and, on the other hand, the ALJ found that Plaintiff "requires a cane for ambulation." [Doc. 12-2 at 22].

The argument is unpersuasive for three reasons.

First, there is no "internal inconsistency" because there is "no reason why Plaintiff cannot use a cane with one hand while carrying objects with the other." *Bates v. Comm'r*, No. 1:15-CV-739, 2016 WL 4607566, at *3 (W.D. Mich. Sept. 6, 2016). As noted above, the APRN who prescribed the cane in this case answered "Yes" when asked "Can the claimant carry anything while using the assistive device?" [Doc. 12-7 at 585]. When asked "If yes, are they unbalanced while doing so?" the APRN responded "Can only carry small bags." *Id.*

Second, the full range of "light" work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[5]  20 C.F.R. § 404.1567(b). Plaintiff interprets this to mean that the ALJ implicitly found that that he can "carry and lift 20 pounds occasionally and up to ten pounds frequently." [Doc. 18-1 at PageID.1404]. This Report rejects that interpretation as

---

[5] To "lift" is to "raise from a lower to a higher position: move away from the pull of gravitation: elevate," while to "carry" is to "move while supporting: move an appreciable distance without dragging: sustain as a burden or load and bring along to another place." *Echevarria v. Sec'y of Health & Human Servs.*, 46 F. Supp. 2d 282, 295 (S.D.N.Y. 1999) (citing Webster's Third New International Dictionary of the English Language (Unabr.1993)).

The terms "frequent" and "occasional" are terms of art in Social Security law. "Occasional" means occurring from very little up to 1/3 of the time. Social Security Ruling (SSR) 83-10, 1983 WL 31251. "Frequent" means occurring from 1/3 to 2/3 of the time. *Id.*

Section 404.1567(b) does not indicate (and the ALJ did not find) that Plaintiff can **carry** 20 pounds, nor did the ALJ find that Plaintiff can lift 20 pounds **occasionally**.

Third, Plaintiff relies on *Love v. Comm'r*, 605 F.Supp.2d 893 (W.D. Mich. 2009). In *Love*, unlike the present case, the ALJ did find that Love "can lift and **carry** up to 20 pounds **occasionally**." *Id.* at 907 *(emphasis added)*. "While use of a cane or other assistive device may limit the number of light jobs a claimant is able to perform, there is no per se rule that use of a cane to ambulate precludes performance of all light jobs." *Foster v. Comm'r*, No. CV 20-61-DLB, 2021 WL 354408, at *4 (E.D. Ky. Feb. 2, 2021) (internal quotation eliminated).

## RECOMMENDATION

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

May 13, 2022

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

May 13, 2022

Lanny King, Magistrate Judge
United States District Court