UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00074-GNS-LLK

CARLOS E.                                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security Administration[1]                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (DN 24) to the Magistrate Judge's Findings of Fact, Conclusion of Law, and Recommendation (DN 23). For the reasons outlined below, the objection is **OVERRULED**.

### I.      STATEMENT OF FACTS

Plaintiff Carlos E. ("Plaintiff") appeals the partial denial of the protective applications for Title II disability insurance benefits and supplemental security income. (Administrative R. 18, DN 12-2 [hereinafter R.]). Plaintiff alleges that his disability began on December 26, 2016, and he filed a claim for disability benefits on March 8, 2017. (R. 20, 31, 93, 109).

The administrative law judge ("ALJ") conducted a telephonic hearing on August 24, 2020. (R. 17, 69). On September 16, 2020, the ALJ rendered a partially favorable decision determining that Plaintiff was not disabled from December 26, 2016, through September 8, 2020, but became disabled on September 9, 2020, his fifty-fifth birthday, using the five-step sequential process established by the Social Security Administration ("SSA"). (R. 17-31).

---

[1] Kilolo Kijakazi ("Kijakazi") became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), Kijakazi is substituted as Defendant in this suit. *See* 42 U.S.C. § 405(g).

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date October 11, 2017. (R. 18, 20, 304). At the second step, the ALJ determined that Plaintiff's conditions that qualified as severe impairments were: cervical degenerative disc disease, left shoulder degenerative joint disease, tinea pedis, diabetes mellitus, depression, anxiety, and post-traumatic stress disorder. (R. 20). Third, the ALJ found that Plaintiff did not have any impairment or combination of impairments that meets one of the listed impairments in Appendix 1. (R. 20-21). Fourth , the ALJ found that the Plaintiff was unable to perform any past relevant work. (R. 29).

At the fifth step, the ALJ found that since December 26, 2016, Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. 404.1567(b), with the following limitations: Plaintiff could occasionally climb ramps and stairs; balance, stoop, kneel, crouch, and crawl; he cannot climb ladders, ropes, and scaffolds; he could frequently handle, finger, and feel with the left upper extremity; he could occasionally reach overhead with the left upper extremity; he has to avoid concentrated exposure to vibration, extreme cold, and extreme heat; he has to avoid even moderate exposure to unprotected heights and dangerous machinery; he could perform simple, routine tasks with simple work-related decisions and few, if any, workplace changes; he could have frequent contact with the public, but requires a cane for ambulation. (R. 22).

The ALJ Considered Plaintiff's age, education, past relevant work experience, and RFC, in addition to testimony from the vocational expert, and concluded that Plaintiff has the capability to perform a significant number of jobs existing in the national economy prior to September 9, 2020. (R. 30). Plaintiff's age category changed on September 6, 2020, prompting a finding of disability pursuant to Medical-vocational Rule 202.06. (R. 31). Thus, the ALJ concluded Plaintiff

has not been under a disability, as defined by the Social Security Act, before September 9, 2020, but has been disabled since that date and through the date of the ALJ's decision. (R. 31).

After the Appeals council denied Plaintiff's request for review of the determination, Plaintiff filed the present action. (R. 1). The Magistrate Judge issued Findings of Fact, Conclusions of Law and Recommendation ("R & R") which recommended that the Court uphold the ALJ's determination and dismiss the Complaint. (R & R 7, DN 23). Plaintiff then objected to the R & R. (Pl.'s Obj., DN 24).

## II.     JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.    STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition . . . ." 28 U.S.C. § 636(b)(1)(B). The magistrate judge then files a recommendation, to which each party may object within fourteen days. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b). Those parts of the report to which objections are raised are reviewed by the district judge de novo. *See id.* In reviewing *de novo*, the judge is free to accept, reject, or modify any of findings and recommendations made by the Magistrate Judge. *Id.*, 28 U.S.C. § 636(b)(1). This differs from the standard applied to the Commissioner of Social Security's decision, which is reviewed to determine "whether it is

supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citations omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to resolve conflicts of evidence or questions of credibility. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *See Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV.     DISCUSSION

### A.     The ALJ's Consideration of Treating Nurse Practitioner

#### 1.     *Acceptable Medical Source*

In his first objection, Plaintiff challenges the Magistrate Judge's statement that the ALJ afforded little weight to the opinion of Plaintiff's treating nurse practitioner, Elizabeth Ashley Reinke, A.P.R.N. ("Reinke"). (Pl.'s Obj. 1-2). As Plaintiff concedes, an ALJ is not required to attribute the same weight to the opinion of a nurse practitioner as a treating physician, since Reinke does not fall under the category of an acceptable medical source under Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *2 [hereinafter SSR].[2] *See Meiselas v. Comm'r of Soc. Sec.*, 648 F. App'x 582, 584 (6th Cir. 2016) (finding "the opinion of a . . . nurse practitioner . . . is

---

[2]The SSA rescinded SSR 06-03p on March 27, 2017. 82 F.R. 15263 (3-27-2017). This claim was filed March 8, 2017, and as a result SSR 06-03p still applies. (R. 31)

4

entitled to less weight than a physician's opinion because a nurse is not an 'acceptable medical source' . . . ." (internal citation omitted)); (Pl.'s Obj. 1-2). Plaintiff alleges that the Magistrate Judge's finding is legally erroneous "where he concludes that Ms. Reinke's opinion was properly rejected because she could not be given controlling weight under the old regulations." (Pl.'s Obj. 2). Further, Plaintiff contends, "the ALJ never found, in part or otherwise, that Ms. Reinke's opinion was given little weight for the reason that she was not an acceptable medical source." (Pl.'s Obj. 2). The ALJ stated, however, when discussing Reinke's opinion, "[the] undersigned gives little weight to this opinion from a non-acceptable medical source . . . ." (R. 27). The Magistrate Judge also discussed § 404.1527, SSR 06-03p, and the ALJ's discussion of Reinke's status as a "non-acceptable medical source." (R & R 4-5). Plaintiff's objection that the Magistrate Judge improperly stated that the ALJ afforded little weight to Reinke's opinion is therefore overruled.

### 2. *Evidence Supporting Reinke's Conclusions*

Plaintiff disputes the Magistrate Judge's assertion that Reinke's opinion is given little weight because "the Assistive Device Medical Source Statement form completed by the treating APRN did not ask and the APRN did not indicate the objective medical basis, if any, supporting her opinion that Plaintiff needs a cane to maintain balance." (Pl.'s Obj. 3; R & R 5). Plaintiff points out that this constitutes a *post hoc* rationalization of the ALJ's decision which was not included in the ALJ's findings. (Pl.'s Obj. 3).

"[T]he courts may not accept appellate counsel's *post hoc* rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Berryhill v. Shalala*, 4 F.3d 993, 1993 U.S. App. LEXIS 23975, at *18 (6th Cir. 1993) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50

(1983)). Upon review of the record, Plaintiff's objection is well taken. The ALJ's findings do not state that Reinke's opinion was afforded little weight due to a lack of supporting evidence for her opinion. (*See* R. 27). The Magistrate Judge's assertion of this point, however, is harmless error. Prefacing the Magistrate Judge's assertion is the statement, "even if the Court were to treat the APRN in this case as an acceptable medical (treating) source . . . ." Since the Magistrate Judge had previously articulated sound reasons for the sparse weight accorded Reinke's opinion by the ALJ, the Magistrate Judge's discussion of the form completed by Reinke was unnecessary. (R & R 5). This Court construes the R & R such that the Magistrate Judge was asserting *in arguendo* the proposed reasoning for the rejection of Reinke's opinion even if she were to be considered an acceptable medical source. Because the Court has previously overruled Plaintiff's objection to the Magistrate Judge's recommendation regarding the scant weight given to Reinke's opinion, any error by the Magistrate Judge stemming from this statement is harmless.

### 3.  *Sufficiency of Plaintiff's Argument Regarding Reinke's Opinion.*

Plaintiff argues that the Magistrate Judge improperly stated, "Plaintiff has not alleged or shown that the ALJ in this case abused his discretion in weighing these factors [found in SSR 06-p] or that a proper consideration of the factors required the ALJ to give more than a little weight to the APRN's opinion that Plaintiff needs a cane for balance." (Pl.'s Obj. 3; R & R 5). Plaintiff asserts that in the fact and law summary Plaintiff set forth several reasons as to why Reinke's testimony should have been greater weight by the ALJ. (Pl.'s Obj. 3-5). Plaintiff's fact and law summary shows a clear consideration of the factors referred to by the Magistrate Judge, though the factors and the relevant regulation were not expressly cited. It appears, however, that the Magistrate Judge indicated that Plaintiff had not met his burden to prove that Reinke's opinion should have been afforded greater weight by stating "Plaintiff has not . . . shown that the ALJ in

this case abused his discretion." As a result, the Magistrate Judge's imprecise choice of words is harmless error.

With regard to whether the ALJ should have afforded greater weight to Reinke's opinion, SSR 06-3p provides:

> [It] may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

SSR 06-03P, 2006 WL 2329939 at *5. The regulation does not require greater weight to be given to Reinke's opinion because she had treated Plaintiff for over a year, but merely permits the ALJ to assign greater weight if the ALJ deems it appropriate. *See* SSR 06-03p; (R. 585). As a result, no error is present in the ALJ's assignment of weight as to Reinke's opinion and the ALJ was not required to afford special weight to Reinke's testimony.

### B. Internal Inconsistency

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not create an internal inconsistency by finding that Plaintiff "required a cane to ambulate" but could perform light work, including lifting or carrying a 10-pound object frequently and 20 pounds occasionally prior to September 9, 2020. (Pl.'s Obj. 5-6; R. 22, 30); 20 C.F.R. § 404.1567(b).

Plaintiff cites *Love v. Commissioner of Social Security*, 605 F. Supp. 2d 893 (W.D. Mich. 2009), for the proposition that his use of a cane precludes him from the ability to perform light work, as found by the ALJ, because he would be unable to lift and carry as outlined in the regulations describing light work. (Pl.'s Obj. 5-6). *Id.* at 907; *see also* 20 C.F.R. § 404.1567 ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). The court in *Love* found that remand to the ALJ was necessary, noting "[t]he Court does not doubt that Plaintiff can *lift* 20 pounds but fails to

7

comprehend how Plaintiff can *carry* 20 pounds if he requires a 'hand-held assistive device' to ambulate." *Love*, 605 F. Supp. 2d at 907 (emphasis in original). As the Magistrate Judge points out, "[i]n *Love*, unlike the present case, the ALJ did find that Love 'can lift and carry up to 20 pounds occasionally.' " (R & R 7). In the case at bar, the ALJ cited only C.F.R. § 404.1567 rather than making a specific finding, like the court in *Love*, that Plaintiff can carry 20 pounds wherein the regulation states that a person capable of light work could carry 10 pounds. (R. 22). Similar to the case at bar, the court *in Latham v. Commissioner of Social Security*, No. 16-CV-10690, 2017 WL 1173773 (E.D. Mich. Mar. 30, 2017) found, "[t]he Magistrate Judge correctly concluded that an RFC that requires ambulation with a cane and the ability to lift and carry up to 10 pounds was not internally inconsistent because it does not require Plaintiff to carry up 20 pounds." *Id.* at *2.

There is ample case law supporting the proposition that it is not inconsistent to find that a person may still be capable of performing light work despite the use of a cane. In the Sixth Circuit, the use of a cane does not necessarily preclude the ability to perform light work. *See Scott v. Comm'r of Soc. Sec.*, No. CV 18-10261, 2018 WL 6175375, at *6 (E.D. Mich. Nov. 5, 2018) ("Thus, courts have recognized that there is no *per se* rule that use of a cane to ambulate precludes performance of all light jobs." (citation omitted)), *adopted by* 2018 WL 6171602 (E.D. Mich. Nov. 26, 2018); *Marko v. Comm'r of Soc. Sec.*, No. 2:16-CV-12204, 2017 WL 3116246, at *5 (E.D. Mich. July 21, 2017) (citations omitted) ("Case law in this district has found that the use of a cane does not preclude light work"); *Frazier v. Comm'r of Soc. Sec.*, No. 2:19-11097, 2020 WL 1856202, at *9 (E.D. Mich. Mar. 11, 2020) ("[There is] a possibility, not a certainty or even a likelihood, that a cane requirement would erode the job base for light work. And even if erosion occurs, enough light-work jobs might remain to support an RFC finding that a claimant can

8

perform a full or limited range of light work."), *adopted*, 2020 WL 1847923 (E.D. Mich. Apr. 13, 2020).

The ALJ addressed the Plaintiff's use of a cane, stating:

> He uses a cane for ambulation, which was prescribed for improved gait based upon his subjective complaints of foot pain. Again, there is no objective evidence of lower extremity neuropathy. He also reports using a cane for balance, but the evidence shows often normal motor strength, sensation, and gait, as well as improving rash and blisters on his legs and feet. There is no other impairment that would affect his balance.

(R. 26). The ALJ further stated that Plaintiff reported the ability to do an array of activities including his own medical care, personal needs care, bicycling, and fishing. (R. 26). While acknowledging that Plaintiff reported he can no longer do many of those activities, the ALJ stated, "there is no real change in the diagnostic or clinical evidence to support his alleged change in activities." (R. 26). A vocational expert, Robert Irvin testified that if used for balance, a cane would preclude light work, but Irwin did not preclude light work if the cane was used for ambulation. (R. 89). The ALJ concluded that Plaintiff used the cane for ambulation but not for balance. (R. 26).

The ALJ's assertion that the Plaintiff was previously able to perform light work is substantially supported by the discussion of his use of a cane and the attendant factors, as well as the case law detailing that cane use does not *ipso facto* preclude light work. As a result, the ALJ's decision was not internally inconsistent, and the Plaintiff's objection is overruled.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 23) is **ACCEPTED TO THE EXTENT IT DOES NOT CONTRADICT THIS ORDER**, Plaintiff's Objections (DN 24) are

**OVERRULED**, and judgment is granted for the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 10, 2022

cc: counsel of record